MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Ramsey,<br><br>    Plaintiff,<br><br>vs.<br><br>Joe Arpaio, et al.,<br><br>    Defendants. | No. CV 11-1422-PHX-SRB (MEA)<br><br>**ORDER** |

On July 18, 2011, Plaintiff Richard Ramsey, who is confined in the Maricopa County Durango Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a July 21, 2011 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On August 12, 2011, Plaintiff filed his First Amended Complaint (Doc. 7). The Court will order Defendants Ariago and Cost to answer Counts One and Two of the First Amended Complaint and will dismiss Count Three and Defendant Arpaio without prejudice.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C.

**TERMPSREF**

§ 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II. First Amended Complaint

In his three-count First Amended Complaint, Plaintiff sues the following Defendants: Maricopa County Sheriff Joseph Arpaio, Detention Officers Ariago and Cost, and Unknown Transportation Officer.

1    In each Count, Plaintiff alleges that he was subjected to cruel and unusual punishment.
2    In his Request for Relief, he seeks monetary damages, injunctive relief, and his court costs.
3    In Count One, Plaintiff claims that he attempted to notify Defendant Ariago that he
4    was experiencing severe pain because his testicles were extremely swollen, but Defendant
5    Ariago ignored Plaintiff until Plaintiff stood in front of Defendant Ariago.  Plaintiff asserts
6    that Defendant Ariago made Plaintiff wait almost one hour before taking Plaintiff to be seen
7    by medical staff, denied Plaintiff's request for a wheelchair, and made Plaintiff walk to the
8    medical unit in leg chains.  Plaintiff contends that he was examined by medical staff and
9    promptly ordered to be transported to a hospital emergency room.  Plaintiff also alleges that
10   Defendant Arpaio is responsible for the "jail/inmate policy," including policies regarding leg
11   chains, and that the use of leg chains in this instance forced Plaintiff to walk in a manner that
12   further increased his pain.
13   In Count Two, Plaintiff claims that Defendant Unknown Transportation Officer
14   handcuffed Plaintiff, but failed to double-lock the handcuffs, and refused to help Plaintiff
15   enter the transportation van, even after Plaintiff informed Defendant Unknown
16   Transportation Officer that he could not get into the van without assistance because of his
17   injury.  Plaintiff alleges that he was forced to crawl on his hands and knees into the van,
18   while in extreme pain, and that Defendant Unknown Transportation Officer slammed the
19   van's internal cage doors on Plaintiff's legs, causing Plaintiff "unbearable pain."  Plaintiff
20   contends that Defendant Unknown Transportation Officer left Plaintiff on the floor of the
21   van, drove erratically, and laughed.  Plaintiff claims that he suffered extreme pain when
22   Defendant Unknown Transportation Officer's erratic driving caused him to be tossed around
23   the floor of the van.  Plaintiff contends that Defendant Unknown Transportation Officer
24   refused to help Plaintiff out of the van at the hospital, and Plaintiff was forced to crawl out
25   of the vehicle.
26   Plaintiff claims that at the hospital, Defendant Cost refused Plaintiff's requests for
27   assistance or a wheelchair, and forced Plaintiff to walk to the emergency room entrance.
28   Plaintiff alleges that he collapsed after taking only a few steps, that emergency room

1  personnel saw him on the floor and brought him a wheelchair, and that Defendant Cost took
2  control of the wheelchair, wheeled Plaintiff into the hospital holding cell, and assaulted
3  Plaintiff by "driving his knees into [the] cell bench." Plaintiff asserts that a hospital security
4  officer noticed that Defendant Unknown Transportation Officer's failure to double-lock the
5  handcuffs had caused the handcuffs to become extremely tight and cut off Plaintiff's
6  circulation.

7  In Ground Three, Plaintiff asserts that he was subjected to cruel and unusual
8  punishment because after Plaintiff explained that he was moving slowly because his testicles
9  were extremely swollen, Defendant Unknown Transportation Officer asked if he could see
10 Plaintiff's testicles and laughed. Plaintiff asserts that Defendant Unknown Transportation
11 Officer violated Plaintiff's rights "with his sexual comment to be given the opp[o]rtunity to
12 view [P]laintiff[']s swollen testicles."

### III.    Failure to State a Claim

#### A.    Defendant Arpaio

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id.

A pretrial detainee's claim for unconstitutional conditions of confinement arises from the Fourteenth Amendment Due Process Clause rather than from the Eighth Amendment prohibition against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535 and n.16 (1979). Nevertheless, the same standards are applied, requiring proof that the defendant acted with deliberate indifference. See Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Farmer v. Brennan, 511 U.S. 825, 835 (1994). To state a claim of deliberate indifference, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation must be, objectively, "sufficiently serious"; the official's act or

1  omission must result in the denial of "the minimal civilized measure of life's necessities."
2  Id. at 834.  Second, the prison official must have a "sufficiently culpable state of mind," *i.e.*,
3  he must act with deliberate indifference to inmate health or safety.  Id.  In defining
4  "deliberate indifference" in this context, the Supreme Court has imposed a subjective test:
5  "the official must both be aware of facts from which the inference could be drawn that a
6  substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837
7  (emphasis added).

8  Plaintiff's sole allegation against Defendant Arpaio is his allegation in Count One
9  that Defendant Arpaio is responsible for the "jail/inmate policy," including policies regarding
10 leg chains, and that the use of leg chains in this instance forced Plaintiff to walk in a manner
11 that further increased Plaintiff's pain.  Plaintiff's allegation is insufficient to state a claim of
12 deliberate indifference against Defendant Arpaio.  Thus, the Court will dismiss without
13 prejudice Defendant Arpaio.

14 **B.     Count Three**

15 In Count Three, Plaintiff alleges that Defendant Unknown Transportation Officer
16 violated Plaintiff's rights when he requested to see Plaintiff's swollen testicles and laughed.
17 Plaintiff has failed to state a claim because verbal abuse does not violate the Constitution.
18 Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) ("'[v]erbal harassment or abuse
19 . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983'" (quoting
20 Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979))).  Thus, the Court will dismiss without
21 prejudice Count Three.

22 **IV.    Claims for Which an Answer Will be Required**

23 Liberally construed, Plaintiff has stated Fourteenth Amendment deliberate-
24 indifference claims against Defendant Ariago in Count One and against Defendants
25 Unknown Transportation Officer and Cost in Count Two.

26 The Court will require Defendants Ariago and Cost to answer the First Amended
27 Complaint.  The Court will not direct that service be made at this time on Defendant
28 Unknown Transportation Officer.  The Court is unable to identify this individual, and, as a

TERMPSREF                                           - 5 -

1  practical matter, it is virtually impossible to serve a summons and complaint upon unknown
2  persons. However, the Court will not dismiss Defendant Unknown Transportation Officer
3  at this time. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (where
4  identity of defendants is unknown prior to filing of complaint, plaintiff should be given an
5  opportunity through discovery to identify the unknown defendants, unless it is clear that
6  discovery would not uncover the identities or that the complaint would be dismissed on other
7  grounds). Plaintiff may use the discovery process to obtain the name of this fictitiously
8  named defendant. If Plaintiff later discovers the identity of this fictitiously named defendant,
9  Plaintiff should seek to amend his First Amended Complaint to name him, in compliance
10  with Rule 15 of the Federal Rules of Civil Procedure.

**V.     Warnings**

   **A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

   **B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **C.     Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

. . . .

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Count Three is **dismissed** without prejudice.

(2) Defendant Arpaio is **dismissed** without prejudice.

(3) Defendants Ariago and Cost must answer Counts One and Two of the First Amended Complaint.

(4) The Clerk of Court must send Plaintiff a service packet including the First Amended Complaint (Doc. 7), this Order, and both summons and request for waiver forms for Defendants Ariago and Cost.

(5) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(7) The United States Marshal must retain the Summons, a copy of the First Amended Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant**

1  **within 30 days from the date the request for waiver was sent by the Marshal, the**
2  **Marshal must**:

3    (a) personally serve copies of the Summons, First Amended Complaint, and
4  this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil
5  Procedure; and

6    (b) within 10 days after personal service is effected, file the return of service
7  for Defendant, along with evidence of the attempt to secure a waiver of service of the
8  summons and of the costs subsequently incurred in effecting service upon Defendant.
9  The costs of service must be enumerated on the return of service form (USM-285) and
10 must include the costs incurred by the Marshal for photocopying additional copies of
11 the Summons, First Amended Complaint, or this Order and for preparing new process
12 receipt and return forms (USM-285), if required.  Costs of service will be taxed
13 against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules
14 of Civil Procedure, unless otherwise ordered by the Court.

15  (9) **A Defendant who agrees to waive service of the Summons and First**
16 **Amended Complaint must return the signed waiver forms to the United States Marshal,**
17 **not the Plaintiff.**

18  (10) Defendants must answer the First Amended Complaint or otherwise respond
19 by appropriate motion within the time provided by the applicable provisions of Rule 12(a)
20 of the Federal Rules of Civil Procedure.

21  (11) Any answer or response must state the specific Defendant by name on whose
22 behalf it is filed.  The Court may strike any answer, response, or other motion or paper that
23 does not identify the specific Defendant by name on whose behalf it is filed.

24 . . . .
25 . . . .
26 . . . .
27 . . . .
28 . . . .

1  (12) This matter is referred to Magistrate Judge Mark E. Aspey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 22nd day of August, 2011.

_____
Susan R. Bolton
United States District Judge

TERMPSREF

- 9 -